UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY HANDY,

                                          Plaintiffs,

                         -against-

THE CITY OF NEW YORK and CORRECTION OFFICER DAVID ALVARADO, SHIELD NO. 11798,

                                          Defendants.

------------------------------------------------------------------------ x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

19 Civ. 3885 (VEC) (OTW)

**WHEREAS,** Defendant City of New York deems certain documents and information sought by plaintiff in this case confidential;

**WHEREAS,** Defendant objects to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Plaintiff and Defendant as follows:

1. As used herein, "Action" shall mean the pending action between Plaintiff and Defendant captioned <u>Jeffrey Handy v. The City of New York and Correction Officer David Alvarado, Shield No. 11798</u>, 19 Civ. 3885 (VEC) (OTW).

2. As used herein, without waiving any objections Defendant might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

    (A) New York City Department of Correction ("DOC") employment, personnel, and/or disciplinary records;

1

(B) Any other disciplinary histories or other records, DOC directives and records of investigations regarding the conduct of employees of the DOC conducted by the DOC, the Inspector General, or other agencies;

(C) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by Defendant to the extent such information is within Defendant's possession;

(D) DOC Investigation Division File for Case No. 3939/17; and

(E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by Defendant or the Court.

3. The documents and information as defined in paragraph "2" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiffs from sources other than Defendant, or (b) are otherwise publicly available.

4. Defendant shall designate in good faith particular documents or materials "Confidential Materials" by labeling such documents or materials "Confidential" and/or by designating such documents or materials by bates number in a writing directed to Plaintiff. Defendant shall have a reasonable time to inspect and designate as "Confidential Materials" documents or other materials sought from third parties. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation, settlement or presentation of Plaintiff's case in this Action.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Materials by Defendant shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6. Defendant reserves the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

7. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If Plaintiff objects to the designation of any particular document Confidential Materials, Plaintiff shall state such objection in writing to Defendant, and the parties shall in good faith attempt to resolve such objection. If the objection cannot be resolved among the parties, Plaintiff, within 15 days of the last meet and confer, may request that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

9. In the event that Plaintiff obtains counsel, Plaintiff's attorney(s) shall not disclose the Confidential Materials to any person not a member of the staff of plaintiff's attorney's law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the Plaintiff's case in this action, to those individuals described in subparagraphs (b) below.

   b. Disclosure before trial may be made only to Plaintiff, to an expert who has been retained or specially employed by that Plaintiff's attorney in anticipation

of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the Plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. That Plaintiff shall retain the signed consent and furnish a copy to Defendant's attorney upon request at a deposition or immediately before trial, although the name of an expert that Plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

10. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

11. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

12. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff may file redacted documents without further order of the Court.

13. In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

14. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph "12" subsection (b) herein, for any purpose without prior Court approval.

15. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendant's attorneys or, upon Defendant's attorneys' consent, destroyed (except

as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendant's attorney.

16. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

18. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendant's use of the Confidential Materials in any manner.

Dated: New York, New York
       10/29, 2019

JEFFREY HANDY
*Plaintiff* pro se

By: *[signature]*

State of New York County of Clinton
**Sworn to and subscribed before me this**
29th day of October, 2019

**COREY J CARTER**
NOTARY PUBLIC STATE OF NEW YORK
Registration No 01CA6390610
Qualified in Franklin County
My Commission Expires April 22, 2023

*[signature: Corey J Carter]*

GEORGIA M., PESTANA
Acting Corporation Counsel of the
   City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: *[signature]*
Zachary Kalmbach
*Assistant Corporation Counsel*

SO ORDERED: *[signature]*

HON. ONA T. WANG
UNITED STATES MAGISTRATE JUDGE

Dated: **January 16, 2020** ~~2019~~

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated 10/29, 2019, entered into the action <u>Jeffrey Handy v. The City of New York and Correction Officer David Alvarado, Shield No. 11798</u>, 19 Civ. 3885 (VEC) (OTW), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: 10/29/19

State of new york County of clinton
Sworn to and subscribed before me this
29th day of October, 20 19

Signature: [signed]

Print Name: JEFFREY HANDY

Occupation: N/A

COREY J CARTER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6390610
Qualified in Franklin County
My Commission Expires: April 02, 2023

[signed Corey J Carter]